**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELIANA DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 22-94 |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| CREATIVE DIALOGUES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Defendant's Motion to Dismiss (Doc. 10) will be granted as to the federal claim and the

Court will decline to exercise supplemental jurisdiction over the state-law claims.

Although Plaintiff invokes the Court's subject-matter jurisdiction under § 1983, she has

failed to plausibly allege that Defendant is a state actor.  *See* <u>Kach v. Hose</u>, 589 F.3d 626, 646

(3d Cir. 2009) (explaining that a § 1983 plaintiff "must establish that she was deprived of a

federal constitutional or statutory right by a state actor.").  Plaintiff's contention that Defendant

should be deemed a state actor, *see generally* Pl.'s Opp'n Br. (Doc. 15) at 6–8, is untenable

under any of the theories for state action recognized in this circuit. *See* <u>Kach</u>, 589 F.3d at 646

(describing the public function, close nexus and symbiotic relationship tests).

To be sure, caring for children with autism, Am. Comp. (Doc. 5) ¶ 7, is not a traditional

and exclusive state function.  *See* <u>Leshko v. Servis</u>, 423 F.3d 337, 347 (3d Cir. 2005) ("[F]oster

parents in Pennsylvania are not state actors for purposes of liability under § 1983."); <u>Zarebicki</u>

<u>v. Devereux Found.</u>, No. CIV.A. 09-6205, 2011 WL 2582140, at *6 (E.D. Pa. June 30, 2011)

("Pennsylvania's provision of care, custody and habilitative services to the mentally disabled . . .

is not mandated by the federal Constitution or the Pennsylvania Constitution.").  Nor does state

regulation and funding transform Defendant into a state actor.  *See* <u>Gross v. R.T. Reynolds, Inc.</u>,

487 F. App'x 711, 719 (3d Cir. 2012) ("[A] private entity does not become a state actor for the purpose of § 1983 simply because it is subject to state regulations or receives funding from the state."). And this deficiency cannot be cured by amendment.[1]

Because the Court will dismiss with prejudice the only federal claim, it "*must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original, citation to quoted source omitted). Those considerations are absent here, and—to the extent that any may present—they fall well short of the "extraordinary circumstances" warranting an exercise of supplemental jurisdiction. Bright v. Westmoreland Cty., 380 F.3d 729, 751 (3d Cir. 2004).

Consistent with the foregoing, Defendant's Motion to Dismiss (**Doc. 10**) is **GRANTED**, the **federal claim** is **DISMISSED WITH PREJUDICE** and the **state-law claims** are **DISMISSED** without prejudice to refiling in an appropriate state-tribunal.

**IT IS SO ORDERED**.

December 22, 2022                                  s/Cathy Bissoon
                                                   Cathy Bissoon
                                                   United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] Plaintiff did not seek leave to amend, but she included various facts in her brief—related to Defendant's funding from, and interactions with state entities—not pleaded in the Amended Complaint. Having factored those additional allegations into the analysis, the Court is satisfied that even if amendment was sought, it would be futile.